**STATE of Minnesota, Appellant,**

v.

**Glenn Paul FERGUSON, Respondent.**

No. C1–89–486.

Court of Appeals of Minnesota.

June 6, 1989.

Review Denied July 12, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Julius E. Gernes, Winona County Atty., Winona, for appellant.

C. Paul Jones, State Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., and FORSBERG and SCHULTZ,* JJ., without oral argument.

## OPINION

FORSBERG, Judge.

The state appeals a downward departure in sentencing. We reverse and remand.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

Glenn Ferguson was convicted and sentenced for two separate sales of cocaine to an undercover agent. The first sale was 27.9 grams for $1,700 on July 20, 1988; the second was 27.9 grams for $1,000 on August 24, 1988.

At the time of sentencing Ferguson's criminal history score was 5 on the July 20th sale and 6 on the August 24th sale. His criminal history score included one point because he was on probation at the time he committed the crimes, and four points for prior felony convictions in 1978, 1979, and two in 1984.

The presumptive sentences were 81 months and 94 months respectively. The trial court sentenced Ferguson to 72 months on each crime with the sentences to be served concurrently.

The trial court's departure report listed two grounds for the departure:

1) That although a conviction for possession of a controlled substance (marijuana and hashish) in April of 1978, and a conviction for burglary in 1979 are to be considered in determining criminal history points in this case, they are in the outer third of the 15–year period during which prior convictions continue to be of consequence.

2) That although the offenses in each case involve the sale of 28 grams of cocaine, which is clearly above the 10 gram cutoff for severity level seven offenses, the amount is suggested by the probation and parole agent as representing considerably less than is usually involved in a severity level seven sale of cocaine.

The state appeals, arguing the stated reasons were insufficient to justify the downward departure from the presumptive sentence.

## ISSUE

Did the trial court abuse its discretion in its downward departure from the presumptive sentence?

## ANALYSIS

The state challenges the reasons given for the downward departure. The 1978 conviction will not decay for about six years and the 1979 conviction will not decay for about eight years. The Minnesota Sentencing Guidelines are clear that prior felony offenses do not decay for 15 years and are considered in computing criminal history scores. *See* Minn. Sentencing Guidelines II.B.1.d. Offenses that are seven and eight years away from decay cannot be blithely dismissed if the sentencing guidelines are to have meaning.

In the second ground for departure, the court indicates that the probation officer represented that the amount of cocaine sold was considerably less than the amount usually involved in a severity level VII case. This information is not included in the presentence investigation report and the parole officer did not testify. The court did receive a letter from the parole officer in which the officer commented on the amount sold and its relationship to severity. However, the letter was dated March 3 and sentencing took place on March 1. The court could not possibly have considered the parole officer's comment in sentencing since it did not have the letter until after sentencing.

The parole officer did recommend a durational departure in his presentence investigation, citing the first reason given by the court. He admitted, however, he could find no "substantial and compelling reason" to recommend a dispositional departure.

The sentencing court has broad discretion and will not be overruled unless the sentence is not related to the severity of the offense. *State v. Watts,* 413 N.W.2d 192, 194 (Minn.Ct.App.1987) (citing *State v. Bottomley,* 384 N.W.2d 241, 243 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. May 16, 1986)). If the reasons for departure are improper or inadequate, but the record is sufficient to support departure, the departure will be affirmed. *Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985). In this case, the reasons given for departure by the court in its departure report are insufficient to support a departure, and we are

unable to find anything in the record to justify a departure.

## DECISION

We reverse and remand for resentencing consistent with this opinion.

Reversed and remanded.