**STATE of Minnesota, Appellant,**

v.

**Sheldon Ray SEJNOHA, Respondent.**

No. C4–93–2348.

Court of Appeals of Minnesota.

March 1, 1994.

Review Denied April 21, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James C. Backstrom, Dakota County Atty., Nicole E. Nee, Asst. County Atty., Hastings, for appellant.

John M. Stuart, State Public Defender, Mark D. Nyvold, Sp. Asst. State Public Defender, St. Paul, for respondent.

Considered and decided by LANSING, P.J., and SCHUMACHER, and MULALLY,* JJ.

## OPINION

LANSING, Presiding Judge.

This is an appeal by the state from sentences entered for a total of nine counts of criminal sexual conduct in the first, second, and fourth degrees. The district court ordered a dispositional departure in the form of a stay of execution with specific conditions of probation. We affirm in part and remand for a specific statement of one of the conditions of probation.

## FACTS

Sheldon Sejnoha was charged in separate complaints with four counts of criminal sexual conduct committed against a nine-year-old child and five counts of criminal sexual conduct committed against a fifteen-year-old child. The complaints alleged that these incidents occurred from 1990 until March 1993, when the nine-year-old child reported the sexual abuse to his mother. Upon questioning by police, Sejnoha admitted committing the sexual acts.

The prosecutor and defense counsel jointly requested a pre-plea investigation, including a psychological evaluation. The district court ordered the Dakota County Community Corrections Department to conduct the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

investigation and arrange for the evaluation. Dr. Peter Marston, a psychologist under contract with Dakota County, completed the psychological evaluation. Steven Sawyer, the director of Project Pathfinders and the counselor Sejnoha had been seeing since the reported sexual abuse, prepared an intake evaluation, and Mark Mehl, a Dakota County probation officer, completed the pre-plea investigation.

Sejnoha pleaded guilty to all charges. There was no sentencing agreement. At the sentencing hearing, the state presented testimony from Pamela Mindt, the director of sex offender services for the Department of Corrections, on sex offender treatment programs available in the prison system. Mindt testified that the department could not force Sejnoha to participate in a prison treatment program. Mindt testified that the longest treatment program available in the prison system lasted eighteen months, although an offender could choose to continue past that time. She also testified that she knew of no reliable statistics on the likelihood of successful treatment for a pedophile.

Dr. Marston provided the most extensive testimony, outlining the results of his psychological evaluation and his recommendations. Marston testified that Sejnoha is a fixated pedophile whose clear primary sexual orientation is toward male children. He testified that Sejnoha is not a predatory offender but is becoming more sophisticated in his focus on young victims.

Marston testified that his initial conclusion was to recommend an inpatient program lasting up to two years. He reevaluated this conclusion, however, after talking with Sawyer and learning of the high degree of family support available for Sejnoha. Instead, Marston recommended the Project Pathfinder outpatient program during Sejnoha's two-year jail sentence, with continuing treatment. Marston testified that unless Sejnoha made significant progress in treatment during this program, he was likely to reoffend. He testified that Sawyer could monitor Sejnoha's progress and that if sufficient progress was not made, Sejnoha should go to prison.

Sawyer testified that Sejnoha is amenable to treatment. He described the Pathfinders program as including a group therapy session and an individual session every week, with more intensive treatment at the outset. Sawyer stated that Sejnoha's family and other individuals in his support system were capable of reporting any violations of his probationary conditions and recommended also that Sejnoha be required to take random polygraph tests.

Dakota County probation officer Mark Mehl testified that although he originally believed that a probationary sentence was appropriate, he decided to recommend an executed sentence because of Sejnoha's history of sexual abuse of younger boys beginning when Sejnoha was eleven years old. The reports prepared by Dr. Marston and Sawyer detailed this history, which included reports of sexual contact with twelve to fourteen younger boys when Sejnoha was between eleven and thirteen years of age. When this behavior was discovered, Sejnoha received only three counseling sessions, treatment which Dr. Marston described as grossly inadequate.

Both victims testified on the effect of the offenses on their lives. The mother of the nine-year-old child further testified that her son continued to have nightmares about the offenses, had developed a fear of adult men, and showed other behavioral changes. Sejnoha's mother testified, identifying a group of family and friends who were willing to monitor Sejnoha's compliance with the conditions of a probationary sentence.

The district court sentenced Sejnoha to concurrent sentences, the longest being 134 months, for the offenses against the nine-year-old child. This sentence was stayed on probationary conditions including a one-year jail term, completion of appropriate treatment, and submission to polygraph testing. On the offenses against the fifteen-year-old child, the court also stayed the sentences on the same conditions of probation plus a consecutive one-year jail term. The court ordered that the probation extend for thirty years.

The court filed a departure report after the sentencing hearing, stating as grounds for its conclusion that Sejnoha was "particularly amenable to probationary supervision and sex offenders treatment."

## ISSUE

Did the district court abuse its discretion in granting a dispositional departure?

## ANALYSIS

 A sentencing court may dispositionally depart and place a defendant on probation if the defendant is "particularly amenable to probation or if offense-related mitigating circumstances are present." *State v. Love*, 350 N.W.2d 359, 360 (Minn.1984). This court reviews a decision to depart under an abuse of discretion standard. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981); *State v. Dokken*, 487 N.W.2d 914, 916 (Minn.App.), *pet. for rev. denied* (Minn. Sept. 30, 1992).

██ The appropriate factors to consider in determining whether a defendant is particularly amenable to probationary treatment include "the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family." *State v. Trog*, 323 N.W.2d 28, 31 (Minn.1982). These factors are not to be applied mechanically, but must be evaluated within the individual facts of each case. *Id.*

██ Sejnoha is twenty-four years old, has no prior criminal record, but has admitted to illegal sexual contact with a number of victims. Although the state emphasizes the number of reported victims, the record establishes that two-thirds of these contacts occurred when Sejnoha was from eleven to thirteen years old.

There is a reasonable basis for the district court's discounting the import of this preteen and early teen behavior in considering Sejnoha's amenability to treatment. First, to weigh such early behavior as heavily as the later offenses runs counter to Minnesota's structure for criminal responsibility. *See* Minn.Stat. § 609.055, subd. 1 (1992) (children under fourteen years of age are incapable of committing a crime); *In re D.S.F.*, 416 N.W.2d 772, 774 (Minn.App.), *pet. for rev. denied* (Minn. Feb. 17, 1988) (goal of disposition in a juvenile delinquency case is to rehabilitate the child).

Second, despite "grossly inadequate" treatment for this earlier behavior, there is no evidence that Sejnoha repeated the sexual misconduct until he was twenty years old. Sejnoha was given a lie detector test to prevent him from minimizing intervening conduct. There was no evidence from this test or other evidence presented by the state that contradicted the apparent remission of his pedophilia for a seven-year period.

 The district court also based its departure on Sejnoha's "extremely remorseful attitude." Dr. Marston noted Sejnoha's remorse, although in more equivocal terms, and Sejnoha's statement of remorse was read at sentencing. Because the district court has an opportunity to actually observe the defendant throughout the proceedings, a reviewing court must defer to the district court's assessment of the sincerity and depth of the remorse and what weight it should receive in the sentencing decision. *See Dokken*, 487 N.W.2d at 919 (Harten, J. concurring specially). The presence or absence of remorse can be a very significant factor in determining whether a defendant is particularly amenable to probation. *See State v. Fett*, 414 N.W.2d 783, 785 (Minn.App.), *pet for rev. denied* (Minn. Dec. 22, 1987) (executed sentence affirmed when defendant showed no remorse); *State v. Patton*, 414 N.W.2d 572, 575 (Minn. App.1987) (expression of remorse supported dispositional departure).

 The risk to the public safety incurred in placing an offender on probation is significant and is a factor in the decision whether to depart dispositionally. *See, e.g., State v. Hennessy*, 328 N.W.2d 442, 443 (Minn.1983) (risk of placing defendant on probation is a factor when considering dispositional departure). In its argument on appeal, the state contended that there is no evidence showing that fixated pedophilia can be successfully treated. Both Dr. Marston and Pamela Mindt testified that the statistics in this area are unreliable. Dr. Marston testified, however, that pedophile behavior can be stopped.

The state had Dr. Marston's report and recommendation well in advance of the sentencing hearing, and to the extent the state takes the position that fixated pedophilia cannot be treated, it was obligated to produce evidence to support its position.

 We emphasize that, as a reviewing court, it is not our role to substitute our own judgment for that of the district court, but to determine whether the state has shown an abuse of discretion in the sentence. *See State v. Case*, 350 N.W.2d 473, 475–76 (Minn. App.1984). The record demonstrates that the district court weighed the likely impact of a fixed prison sentence of approximately ten years with no guarantee of treatment against two years incarceration with a treatment program and highly structured probation extending over thirty years. The probation conditions include that Sejnoha successfully complete treatment and submit to polygraph examinations over the entire course of the probation to assure that he is avoiding prohibited contact with young people. In addition to probation supervisors, the court identified a monitoring network of eighteen friends and family who agreed to closely and continuously observe Sejnoha's compliance with his probation conditions. Without evidence to contradict the expert testimony that Sejnoha is amenable to treatment, and without evidence that fixated pedophilia is fundamentally untreatable, we cannot conclude that the district court exceeded its range of discretion by not imposing a presumptive executed sentence.

 One final factor in the sentencing merits our close consideration. Despite the thoroughness of the sentencing court's conditions of probation, we must remand for the court to make explicit a condition which is implicit in the proceedings. Dr. Marston testified there is a significant risk that Sejnoha will reoffend unless he makes substantial progress in treatment during his aggregate two-year probationary jail term. At oral argument and in his brief to this court, Sejnoha's counsel emphasized that Sejnoha's probation can be revoked before he is released from jail if he is not making satisfactory progress. The court's sentencing order, however, requires only successful completion of sex offender treatment, without specifying any time at which Sejnoha's progress will be reviewed.

We do not view lightly the guarded prognosis for successful treatment in this case. Accordingly, we believe it is essential to make explicit that Sejnoha's progress in and compliance with his treatment program must be assessed before he is released from his probationary jail term. *See generally State v. Hemmings*, 371 N.W.2d 44, 47 (Minn.App. 1985) (probation properly revoked when defendant's response to sex offender treatment program was poor and experts recommended termination of treatment). We remand for an amended sentencing order making this implicit condition explicit.

## DECISION

The district court did not abuse its discretion in imposing a dispositional departure. The sentence is remanded for a specific statement of the conditions of probation, consistent with this opinion.

**Affirmed in part and remanded.**