(898 P.2d 1165)

No. 71,646

STATE OF KANSAS, *Appellant*, v. JOSE S. FAVELA a/k/a JOSE S. RIVAS, *Appellee*.

Opinion filed June 23, 1995.

*Keith E. Schroeder*, assistant county attorney, and *Robert T. Stephan*, attorney general, for appellant.

*Philip M. Durr*, of Sterling, for appellee.

Before RULON, P.J., LARSON, J., and TOM MALONE, District Judge, assigned.

RULON, J.: The State appeals the sentencing court's decision to grant both a durational and dispositional sentence departure for the defendant's conviction of one count of attempted murder in the second degree, K.S.A. 1994 Supp. 21-3301 and K.S.A. 1994 Supp. 21-3402. We vacate the sentence and remand the cause with directions.

## FACTUAL SUMMARY

On September 27, 1993, Hutchinson police were dispatched to the site of a reported gang fight. During this gang fight, Willard LaGrange allegedly stabbed defendant's brother. The defendant and several others left the scene in a Chevrolet Monte Carlo. Eventually, police officers spotted the car and signaled the driver to stop the vehicle. Initially, the driver refused to stop. Ultimately, the driver stopped the car in front of the house where LaGrange lived.

Defendant left the car carrying a handgun and said he was going to go inside the house and kill LaGrange. Defendant refused police orders to drop the gun. Instead, defendant said he was going to kill LaGrange because LaGrange had stabbed his brother. During this confrontation, defendant pulled back the action of the gun to show police the gun was loaded. After prolonged negotiations with police, defendant surrendered the weapon.

Defendant was later charged with attempted murder in the first degree and aggravated assault of a law enforcement officer. Ultimately, defendant entered a plea of no contest to one count of attempted murder in the second degree, a severity level 3, person felony. Attempted second-degree murder with defendant's criminal history score of H carries a presumptive prison sentence of 51 to 59 months. See K.S.A. 1994 Supp. 21-4704(a).

Prior to sentencing, defendant filed a timely motion asking the sentencing court to depart from the presumptive sentence. The court granted the defendant's motion and sentenced defendant to 14 months in prison with post-release supervision of 24 months. The court then placed the defendant in community corrections for 36 months.

The State perfected this appeal.

## STANDARD OF REVIEW

This case involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1994 Supp. 21-4701 *et seq.*, and is consequently a question of law. As is often said, an appellate court's scope of review on questions of law is unlimited, and the appellate court is not bound by the decision of the district court. See *State v. Heffelman*, 256 Kan. 384, 386, 886 P.2d 823 (1994).

K.S.A. 1994 Supp. 21-4721 reads in relevant part:

"(a) A departure sentence is subject to appeal by the defendant or the state. . . .

. . . .

"(d) In any appeal from a judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the sentencing grid for a crime, sentence review shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure:

(1) Are supported by the evidence in the record; and
(2) constitute substantial and compelling reasons for departure.

"(e) In any appeal, the appellate court may review a claim that:

(1) The sentence resulted from partiality, prejudice, oppression or corrupt motive;

. . . .

"(f) The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing."

The legislative history of the KSGA indicates that Kansas, in part, looked to the determinant sentencing statutes of Washington, Oregon, and Minnesota in formulating our sentencing guideline scheme. Coates, Summary of the Recommendations of the Sentencing Commission, p. 6 (Report to Senate Committee on Judiciary, January 14, 1992). Consequently, the case law from the above-noted sister states is helpful to our resolution of this appeal.

Here, the State contends this court should review the issues before us as a matter of law and argues that such a standard would insure that departure sentences are granted in only the most unusual factual situations. Additionally, the State contends de novo review by this court would protect both the State and defendants

from disparate sentences imposed by different sentencing courts which have differing interpretations of what constitutes an atypical criminal offense.

The defendant, on the other hand, argues that the abuse of discretion standard of review should be adopted. Defendant argues the sentencing court is always in the best position to decide sentencing issues and, consequently, this court should defer to the sentencing court's decision if the facts are supported by the record. Accordingly, defendant contends a departure sentence should only be reviewed for an abuse of discretion by the sentencing court.

## WASHINGTON

Under Washington statutes, a sentencing court may impose a sentence outside the presumptive range" if it finds . . . that there are substantial and compelling reasons justifying an exceptional sentence." Wash. Rev. Code § 9.94A.120(2) (1994 Supp.). The stated purpose of the Washington act is "to make the criminal justice system accountable to the public by developing a system for the sentencing of felony offenders which structures, but does not eliminate, discretionary decisions affecting sentences . . . ." Wash. Rev. Code § 9.94A.010 (1994 Supp.). Additionally, the Washington guidelines are designed to:

"(1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;

"(2) Promote respect for the law by providing punishment which is just;

"(3) Be commensurate with the punishment imposed on others committing similar offenses;

"(4) Protect the public;

"(5) Offer the offender an opportunity to improve him or herself; and

"(6) Make frugal use of the state's resources." Wash. Rev. Code § 9.94A.010 (1994 Supp.).

When reviewing an exceptional sentence, a Washington appellate court may reverse if it finds:

"(a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient." Wash. Rev. Code § 9.94A.210(4) (1994 Supp.).

Under the Washington statutory scheme, the appellate court determines: (1) whether the reasons supplied by the sentencing court are supported by evidence in the record; (2) whether the reasons given for the exceptional sentence justify a departure from the standard range; and (3) whether the exceptional sentence is clearly too lenient or too excessive. The standard of review on the first question is "clearly erroneous." The second question is examined "as a matter of law" and the third is subject to the "abuse of discretion" standard. See *State v. Johnson*, 124 Wash. 2d 57, 65-66, 873 P.2d 514 (1994).

## OREGON

The Oregon statute dealing with review of sentences which depart from the presumptive sentence reads in relevant part:

"In any appeal from a judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board, sentence review shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure from the sentence prescribed by the rules of the State Sentencing Guidelines Board:

"(a) Are supported by the evidence in the record; and

"(b) Constitute substantial and compelling reasons for departure." Or. Rev. Stat. § 138.222(3) (1994 Supp.).

The Oregon statute is substantially the same as K.S.A. 1994 Supp. 21-4721(d).

In *State v. Wilson*, 111 Or. App. 147, 149, 826 P.2d 1010 (1992), the Oregon Court of Appeals said that the appellate court should review the sentencing court's factual basis and reasons for departing, not the decision *whether* to depart. The *Wilson* court recognized that neither the statute nor the rules defined the terms "substantial and compelling," but a departure, to withstand appellate scrutiny, must further the purpose of the guidelines. The primary purpose of the guidelines in Oregon is to punish offenders appropriately and ensure public safety. 111 Or. App. at 150.

"Under ORS 138.222(3)(b), we review whether the *reasons* given by the trial court are appropriate. That review is limited to whether the reasons are substantial and compelling. That is, we review the explanation of why the circumstances are so exceptional that imposition of the presumptive sentence would not accomplish the purposes of the guidelines. If the explanation does not demonstrate that, we

must remand for resentencing. ORS 138.222(5). If it does, we will not disturb the trial court's exercise of discretion." 111 Or. App. at 151.

The defendant in *Wilson* did not challenge the sentencing court's findings of fact, but appealed the sentencing court's departure sentence of 60 months from a presumptive sentence range of 24 to 39 months, claiming the reasons for the departure were not substantial and compelling. 111 Or. App. at 149.

The language in *Wilson* provides that Oregon appellate courts should examine the reasons given by the sentencing court for a departure as a matter of law. If the reasons are substantial and compelling and consistent with the purpose of the Act, the appellate court will affirm the departure.

## MINNESOTA

The Minnesota guidelines provide that sentences contained in the guidelines grid are presumed to be appropriate for every case. "The judge shall utilize the presumptive sentence provided in the sentencing guidelines unless the individual case involves substantial and compelling circumstances." Minnesota Sentencing Guidelines II.D, Minn. Stat. § 244 App. (1992). When making a departure the sentencing judge is to consider the severity of the offense, the prior criminal history, and the stated purposes and principles of the guidelines. Minnesota Sentencing Guidelines II.D, Minn. Stat. § 244 App. The stated purpose of the Minnesota guidelines is to establish rational and consistent sentencing standards which reduce sentencing disparity and ensure that the sanctions imposed are proportional to the severity of the crime charged and the offender's criminal history. Minnesota Sentencing Guidelines I, Minn. Stat. § 244 App. (1992).

According to the Minnesota Supreme Court, "[t]he trial court has broad discretion in deciding whether to depart from the sentencing guidelines, *State v. Garcia*, 302 N.W.2d 643, 647 (Minn. 1981), but such a decision must be supported by 'substantial and compelling' circumstances. *Id.*; Minnesota Sentencing Guidelines II.D." *State v. Gaines*, 408 N.W.2d 914, 917 (Minn. App. 1987). The Minnesota court also stated the sentencing court's decision to depart will not be overruled unless the sentence is not related to

the severity of the offense. If the reasons for departure are improper or inadequate, but the record is sufficient to support a departure, the departure will be upheld. *State v. Ferguson*, 441 N.W.2d 508, 509 (Minn. App. 1989).

In *State v. Dokken*, 487 N.W.2d 914 (Minn. App. 1992) *rev. denied* Sept. 30, 1992, the Minnesota Court of Appeals reviewed a case where the sentencing court had made a departure from a presumptive 98-month prison sentence and imposed a one-year jail sentence along with treatment in a sex offender program and 20 years of probation. In commenting on the appellate court's duty to review such a dispositional and durational departure, the *Dokken* court said:

"Affirming a presumptive sentence does not interfere with the sentencing process, but merely states the trial court acted within its discretion. Reversing an upward departure interferes somewhat, but in a mild way, as the appellate court simply finds that, although a sentence is appropriate, the record does not support harshness. But when a reviewing court takes a defendant off probation and places him in a state prison, there is a direct and substantial interference with the sentencing process. That power needs to be exercised carefully, and is a power that cannot be used merely because we do not like the trial court's sentence." 487 N.W.2d at 918-19.

We believe that Minnesota appellate courts are more likely to reverse an upward durational departure or a dispositional departure that imposes prison time when the presumptive sentence is non-prison, than if the departure is more lenient towards the defendant than prescribed by guidelines.

## KANSAS

After this appeal was filed and briefed by the parties, this court decided *State v. Richardson*, 20 Kan. App. 2d 932, 901 P.2d 1 (1995). In essence, *Richardson* holds the appellate standard of review of sentencing departures is controlled by the language found in K.S.A. 1994 Supp. 21-4721(d)(1). See also *State v. Gideon*, 257 Kan. 591, 894 P.2d 850 (1995).

The language of K.S.A. 1994 Supp. 21-4721(d) provides a two-prong analysis for appellate review of departure sentences. First, the appellate court must decide if the sentencing court's findings of fact are supported by evidence in the record. Second, the re-

viewing court must determine if the sentencing court's reasons for the departure are substantial and compelling.

The first prong in the analysis requires the appellate court to determine if the findings of fact are supported by the record. The long-standing standard of review for findings of fact made by the district court is whether the findings are supported by substantial competent evidence. Said another way, are such findings supported by legal and relevant evidence as a reasonable person might find as being sufficient to support a conclusion? See *State v. Ratley*, 253 Kan. 394, Syl. ¶ 2, 855 P.2d 943 (1993).

By way of comparison, the Kansas appellate courts review the district court's conclusions as a matter of law. See *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991). However, an appellate court will not reweigh the evidence or pass on the credibility of the evidence. See *Taylor v. State*, 252 Kan. 98, 104, 843 P.2d 682 (1992).

The second prong of our analysis requires the appellate court to examine the sentencing court's reasons for departing from the guidelines and determine if those reasons are substantial and compelling. This court has defined the term "substantial" as referring "to something that is real, not imagined, something with substance and not ephemeral. The term 'compelling' implies that a court is forced, by the facts of a case to leave the status quo, or go beyond what is ordinary." *State v. Rhodes*, 20 Kan. App. 2d 790, Syl. ¶ 3, 892 P.2d 918 (1995).

We are further convinced the Kansas appellate courts should examine the sentencing court's reasons for departures in light of the purposes of the sentencing guidelines and the aggravating and mitigating factors listed in K.S.A. 1994 Supp. 21-4716 and K.S.A. 1994 Supp. 21-4717. See also K.S.A. 1994 Supp. 21-4719 (When a sentencing judge makes either a dispositional or durational departure, he or she shall consider and apply the enacted purposes and principles of the guidelines.). Any departure from a presumptive sentence should be in accord with the sentencing purposes and principles that underlie these rules. Whether the reasons given by the sentencing court rise to the level of substantial and compelling is a question of law subject to plenary review. See *State v.*

*Johnson,* 124 Wash. 2d 57, 873 P.2d 514 (1994), and *State v. Wilson,* 111 Or. App. 147, 826 P.2d 1010 (1992).

Unlike Washington and Minnesota, our legislature did not provide statutory purposes and objectives for our sentencing guidelines. However, according to the legislative history, the Kansas guidelines are based on the following principles:

● Prison space should be reserved for serious/violent offenders.
● The degree of sanctions imposed should be based on the harm inflicted.
● Sanctions should be uniform and not related to socioeconomic factors, race, or geographic location.
● Penalties should be clear so everyone can understand exactly what has occurred after such are imposed.
● Incarceration should be reserved for serious violent offenders who present a threat to public safety.
● The State has an obligation to rehabilitate those incarcerated; but persons should not be sent to prison solely to gain education or job skills, as these programs should be available in the local community.
● The system must be rational to allow policymakers to allocate resources. See Coates, Summary of the Recommendations of the Sentencing Commission, p. 6-7 (Report to Senate Committee on Judiciary, January 14, 1992). See also Kansas Sentencing Guidelines Implementation Manual (1992), p. i-1-2 (restating the goal and assumptions upon which the guidelines are grounded).

Our Supreme Court has recognized that in enacting the sentencing guidelines, the legislature intended to reduce prison overcrowding while protecting public safety. In addition, the guidelines were intended to standardize sentences so that similarly situated offenders would be treated the same, hopefully limiting the effects of racial or geographic bias. *State v. Gonzales,* 255 Kan. 243, 249, 874 P.2d 612 (1994).

For comparison purposes, we are convinced the Minnesota philosophy for reviewing departures, as stated in *State v. Dokken,* is irreconcilably contrary to the purposes and intent of the Kansas Sentencing Guidelines. We are convinced the Kansas Legislature

intended appellate courts to review the sentencing courts' *reasons for departure*, using the "substantial and compelling" standard.

## REASONS FOR DEPARTURE

Here, the State first raises the question of what portion of the record should be examined to determine if the sentencing court's departure findings are supported by the record. The State contends that an appellate court should only look for evidence which relates to the findings actually made by the court and not look to the entire record to determine if there is evidence which might support a departure.

We are convinced that an appellate court should only examine the record to determine if the stated findings of fact used to justify departure are supported by the record. However, we understand that Minnesota appellate courts review the entire record and determine if the departure is proper even if the sentencing court's findings and reasons are inadequate. See *State v. Ferguson*, 441 N.W.2d 508, 509 (Minn. App. 1989). We believe Minnesota's procedure is inconsistent with the standard of review of "substantial and competent evidence" because, arguably, such a search and review of the entire record would necessitate the appellate court reweighing the evidence and passing on the credibility of witnesses. Consequently, we conclude appellate review of the record should be limited to whether there is substantial competent evidence to support the *sentencing court's stated findings*.

K.S.A. 1994 Supp. 21-4716(b)(1) contains a nonexclusive list of mitigating factors to be considered by the sentencing court in deciding whether to depart from the presumptive sentence. The statute reads in relevant part:

"(A) The victim was an aggressor or participant in the criminal conduct associated with the crime of conviction.

"(B) The offender played a minor role or passive role in the crime or participated under circumstances of duress or compulsion. . . .

"(C) The offender, because of physical or mental impairment, lacked substantial capacity for judgment when the offense was committed. . . .

"(D) The defendant, or the defendant's children, suffered a continuing pattern of physical or sexual abuse by the victim of the offense and the offense is a response to that abuse.

"(E) The degree of harm or loss attributed to the current crime of conviction was significantly less than typical for such an offense."

We understand the sentencing court here viewed defendant's crime of conviction as an aggravated assault case, which is a severity level 7 crime. With the defendant's criminal history score of H, the presumptive sentence for aggravated assault would be 14 months of imprisonment. However, the actual crime of conviction was attempted second-degree murder, which, with a criminal history score of H, carries a presumptive prison sentence of 51 to 59 months.

As stated above, in Kansas, the statutory list of mitigating factors is nonexclusive. K.S.A. 1994 Supp. 21-4716(b)(1). Consequently, as a matter of law, there is no reason the sentencing court could not consider other factors. But, the record before us shows the sentencing court felt compelled to depart primarily because the court determined the defendant was improperly charged and should have been only charged with aggravated assault. Importantly, the court said:

"I'm aware of what the facts are that gave rise to the, to the, to your actions in this case. I know your brother got stabbed by this Willard LaGrange and I know Willard LaGrange. He stood in front of me just like you have a couple of times. And it is interesting that he puts in here that, that he thinks you got charged with the wrong crime, that all you did was threaten me—which would have been an aggravated assault which is what a threat is with a gun—and he recommends minimum incarceration. And you know, Willard LaGrange has been in court enough he probably knows what a charge ought to be maybe more so than the county attorney. . . .

. . . .

"*But I see this as an aggravated assault case, and aggravated assault case is a level 7. And with a criminal history of H a level 7 computes to 14 months in the penitentiary.*" (Emphasis supplied.)

We conclude the sentencing court's reasoning that the defendant was over-charged is not a substantial and compelling reason to depart, especially in light of the fact that the defendant entered a no contest plea. Unquestionably, the prosecuting attorney is the representative of the State in criminal prosecutions, and he or she controls the prosecution. As the prosecuting attorney, his or her discretion extends to the power to determine who shall be prose-

cuted and what crimes shall be charged. *State v. Williamson*, 253 Kan. 163, 165, 853 P.2d 56 (1993).

Equally important, in at least one other state, Minnesota, the comments to the sentencing guidelines state that making a dispositional and durational departure are two separate departures, both of which require separate substantial and compelling reasons. Minnesota Sentencing Guidelines, Comment II.D.02, Minn. Stat. § 244 App. (1992). Here, the sentencing court merely recited one list of factors for both departures. We are persuaded the Kansas Legislature intended for sentencing courts to provide separate reasons for both durational and dispositional departures.

The State also argues the findings of fact are not supported by substantial competent evidence and that the sentence imposed was "clearly too lenient." In light of our decision that the reasons for departure were not substantial and compelling, we need not reach these issues.

The sentence imposed is vacated, and the cause is remanded for resentencing.

MALONE, J., concurring in part and dissenting in part: I concur with the standard of review adopted by the majority in this case. However, I respectfully dissent from the majority's conclusion that the defendant's sentence should be vacated.

In this case, the defendant allegedly set out to kill Willard LaGrange, who had recently stabbed the defendant's brother in a gang fight. The police spotted the defendant's car and followed him to LaGrange's residence. The defendant left the car carrying a handgun and told the police he was going inside the house to kill LaGrange. The police ordered the defendant to surrender, but he refused. During the standoff, the defendant appeared calm and he requested that police officers give him a cigarette, which he smoked. After prolonged negotiations with police, the defendant surrendered his weapon.

Prior to sentencing, the defendant filed a motion for departure. The motion cited the following mitigating factors: (1) The defendant was 17 years of age; (2) the defendant had not previously committed any offenses which would be deemed a felony if he had

been an adult; (3) the victim was an aggressor, or at least a participant, in the incident which preceded the defendant's crime; (4) the defendant's brother was stabbed and seriously injured by the victim as a result of the incident which preceded the defendant's crime; (5) the defendant's judgment as to how to respond to the stabbing of his brother was impaired because of the defendant's age and immaturity; and (6) no harm resulted from the defendant's crime and that, as such, the harm was significantly less than typical for such an offense.

The victim in the case, Willard LaGrange, wrote a letter to the judge prior to sentencing. The letter minimized the defendant's crime and recommended that the defendant receive leniency.

At sentencing, the judge stated a belief that the defendant should have been charged with aggravated assault rather than with attempted murder. However, the judge never expressly cited this belief as a reason for departure, although the judge imposed a sentence consistent with a conviction for aggravated assault.

At the conclusion of his remarks, the judge stated:

"And I'll adopt those mitigating factors that were set out by Mr. Durr [defense attorney] in so departing in this case. I'll also find that in this case as one of the mitigating factors, Mr. Durr, in case you didn't set that out, that the degree of harm or loss attributed to the current crime was significantly less than typical for such an offense. . . . And also the fact that the victim in this case was in fact an aggressor, or at least a participant that led to the criminal conduct of the defendant in this case that led to his conviction."

The journal entry filed in this case sets forth only the two mitigating factors specifically cited by the court.

Our task on review is to determine whether the sentencing court's findings of fact and reasons justifying departure (1) are supported by substantial competent evidence and (2) constitute substantial and compelling reasons for departure as a matter of law. An appellate court's review is limited to the findings of fact and reasons justifying departure specifically enunciated by the sentencing court. *State v. Richardson,* 20 Kan. App. 2d 932, Syl. ¶ 3, 901 P.2d 1 (1995).

This dissent will only address the two mitigating factors specifically cited by the sentencing court and not the other factors in the

departure motion. The two mitigating factors cited by the sentencing court are supported by substantial competent evidence. First, the court found that "the victim was an aggressor or *participant* in the criminal conduct *associated* with the crime of conviction." (Emphasis added.) The evidence supports the fact that the victim in this case participated in a gang fight involving the defendant's brother which caused the defendant to take action against the victim in the first place. Second, the court found that "the degree of harm or loss attributed to the crime of conviction was significantly less than typical for such an offense." In this case, the victim wrote a letter to the sentencing judge stating that he believed the defendant was being treated too harshly and asking that the defendant receive leniency. It is reasonable that a sentencing court could infer from this evidence that the degree of harm or loss attributed to the current crime of conviction was significantly less than typical for such an offense.

Once we determine that the sentencing court's findings of fact and reasons justifying departure are supported by substantial competent evidence, we must determine whether they constitute substantial and compelling reasons for departure as a matter of law. The Kansas Legislature chose not to define "substantial and compelling." Instead, to assist sentencing courts in determining whether substantial and compelling reasons exist, K.S.A. 1994 Supp. 21-4716 provides a nonexclusive list of aggravating and mitigating factors that the sentencing court may consider. In this case, the two factors cited by the court are statutory mitigating factors pursuant to K.S.A. 1994 Supp. 21-4716. Whether a sentencing court's reasons justifying departure constitute substantial and compelling reasons as a matter of law must be reviewed on a case-by-case basis. Cases in which the sentencing court does not rely upon any statutory aggravating or mitigating factors to depart should be viewed with a stricter scrutiny. However, when the sentencing court relies upon statutory aggravating or mitigating factors to depart, these reasons should be given great deference by a reviewing court.

In this case, the sentencing judge chose unfortunate and improper language when he stated that he viewed the crime as an

aggravated assault. In the final analysis, however, the court found two reasons justifying departure which are supported by substantial competent evidence and constitute substantial and compelling reasons for departure as a matter of law.

This case presents an additional issue concerning the *extent* of a sentencing court's departure. In other words, when a sentencing court's findings justifying departure are supported by substantial competent evidence and constitute substantial and compelling reasons as a matter of law, what is the *extent* of departure which may be imposed by the sentencing court?

K.S.A. 1994 Supp. 21-4719 provides limitations for departure sentencing. A durational departure shall not total more than double the maximum duration of the presumptive imprisonment term. K.S.A. 1994 Supp. 21-4719(b)(2). Also, if a sentencing judge imposes a prison term as a dispositional departure which is combined with an upward durational departure, the judge is required to set forth separate substantial and compelling reasons for each departure. K.S.A. 1994 Supp. 21-4719(c)(2). The majority opinion concluded that the Kansas Legislature intended for sentencing courts to always provide separate reasons for both durational and dispositional departures. However, the statute makes it clear that this only applies if a prison term is imposed as a dispositional departure which is also combined with an upward durational departure.

There is no statutory limitation for a downward durational departure. The only statutory limitation for a nonprison dispositional departure concerns the length of probation granted by the judge. K.S.A. 1994 Supp. 21-4719(d); K.S.A. 1994 Supp. 21-4611(c).

In this case, the sentencing court's combined dispositional and durational departure did not violate statutory limits. Also, the sentencing court was not required to provide separate reasons for the dispositional and durational departures in this instance.

In conclusion, I believe the sentencing court's findings justifying departure (1) are supported by substantial competent evidence and (2) constitute substantial and compelling reasons for departure as a matter of law. The extent of the sentencing court's departure is within statutory limits. Accordingly, the departure sentence should be upheld.