No. 68,474

STATE OF KANSAS, *Appellant*, v. GARY M. RATLEY, *Appellee*.

(855 P.2d 943)

Opinion filed July 9, 1993.

*Kyle G. Smith*, assistant attorney general, argued the cause and was on the brief for appellant.

*Dennis W. Moore*, of Moriarty, Erker & Moore, of Overland Park, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal by the State from the order of the district court dismissing one count of an information.

On July 5, 1990, agents from the Kansas Bureau of Investigation (KBI), Anderson County Sheriff's Office, and Bureau of Alcohol, Tobacco, and Firearms executed a consent search on defendant Gary M. Ratley's farm. They seized growing marijuana plants and packages of marijuana and arrested the defendant.

KBI Special Agent Tom Williams questioned the defendant. Craig Cole, Anderson County Attorney, authorized Williams to enter into an agreement with the defendant on behalf of the State. The agreement was prepared by Williams and signed by himself and the defendant before a notary public. The agreement provides:

"In return for being charged with one count of possession with intent to sell, marijuana, I agree to tell investigating officers the truth concerning my involvement in illegal activities. I understand that if I do not tell the truth concerning my involvement or do not assist in the recovery and return of stolen items the agreement is void and the County Attorney or his designate is free to charge me with any and all counts they deem necessary. I also understand this waiver of additional charges is for felonies of the C level or below."

The defendant filed a motion to enforce the agreement, contending the filing of an information charging the defendant with possession of marijuana with intent to sell and, alternatively, with the cultivation of marijuana violated the agreement. The district court sustained the motion, making findings of fact and setting forth its rationale as follows:

"1. On July 5, 1990, the defendant was charged with possession of marijuana with intent to sell, in violation of K.S.A. 65-4127b(b)(3), pursuant to a complaint signed and filed by Craig Cole, Anderson County Attorney.

"2. The defendant and the State entered into a written agreement on July 6, 1990, in which the State promised to 'waive additional charges'. . . .

"3. The agreement was entered into by K.B.I. Agent, Thomas Williams, on behalf of the State of Kansas with the full knowledge and authority of the Anderson County Attorney, Craig Cole.

"4. In exchange for the State charging him only with one (1) count of possession of marijuana with the intent to sell the same, the defendant gave

a truthful, incriminating statement to the State and otherwise cooperated with the State. It is not disputed that the defendant has fully complied with the terms of the charge agreement.

"5. Effective July 1, 1990, K.S.A. 65-4127b(b)(3) had been amended, making it unlawful to cultivate marijuana. 1990 Session Laws of Kansas, chapter 100, Sec. 9, pg. 729.

"The agreement was drafted by the State. It provides for waiver of additional charges of the 'C Level or below'. Cultivation of marijuana is a C felony and is therefore, specifically within the terms of the charge agreement. Cultivation of marijuana was proscribed effective July 1, 1990; therefore, it is presumed to have been within the contemplation of the parties that the defendant could not be charged with cultivation under the terms of the agreement.

"6. A preliminary examination was conducted November 13, 1990, before District Magistrate Phillip Fromme. County Attorney Cole requested that Judge Fromme consider whether there had been cultivation and advised Judge Fromme that the County Attorney would be filing an amended charge. At the conclusion of the preliminary hearing, Judge Fromme found 'probable cause to believe that the defendant committed the offense as amended to include (cultivation) as part of the charge under K.S.A. 65-4127b(b)(3)'.

"7. On November 15, 1990, the State filed an Information charging the defendant in Count I with possession of marijuana with intent to sell and in alternate Count II, with feloniously cultivating five (5) or more plants, which contained tetrahydrocannabinol . . . .

"8. Judge Fromme bound over the defendant on the felony charge of cultivating marijuana, although the Complaint did not charge him with cultivation. Judge Fromme's action was proper pursuant to K.S.A. 22-2902. *State v. Pioletti*, 246 Kan. 49, 61, 785 P.2d 963 (1990).

"9. However, the State in filing its Information . . . breached its agreement with the defendant.

"10. The defendant argues that he is entitled to specific performance of the charge agreement; the State counters that the appropriate remedy for breach of the agreement is suppression of incriminating statements made by the defendant.

"11. Specific performance of a prosecutor's plea agreement has been recognized as an appropriate remedy. *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971). In the *Santobello* case, the prosecutor inadvertently reneged on an agreement to make no recommendation as to the sentence, which should be imposed following a guilty plea; the Supreme Court remanded the case to the State Court for determination whether the circumstances of the case required that there be specific performance of the plea agreement, in which case the defendant should be resentenced by a different judge or whether, in the view of the State Court, the circumstances required giving the defendant the opportunity to withdraw his guilty plea. The Court held that '(plea bargaining) must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those

circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled'. 30 L. Ed. 2d 427, @ 433.

"12. In *Mabry v. Johnson*, 467 U.S. 504, 81 L. Ed. 2d 437, 104 S. Ct. 2543 (1984), the Supreme Court held that a criminal defendant's inability to specifically enforce a prosecutor's proposed plea bargain was without constitutional significance. However, the basis for the finding was the peculiar facts of the case, which are distinguishable from the case at bar. In *Mabry* the defendant, who was represented by counsel, negotiated the plea agreement which was withdrawn by the prosecution before it was effected and presented to the Court. The defendant ultimately accepted a prosecutor's second offer for plea agreement, which included a 21 year sentence to be served consecutively to previous sentences. Under the particular facts of *Mabry*, since the defendant accepted the second plea offer, the Supreme Court found that the plea was not induced in any way by the first plea offer, which had been withdrawn.

"13. *Mabry* did not overrule *Santobello*. Indeed, the Supreme Court discussed *Santobello* and distinguished the facts in *Mabry* from *Santobello*. '(Johnson's) plea was in no sense induced by the prosecutor's withdrawn offer; unlike *Santobello*, who pleaded guilty thinking he had bargained for a specific prosecutorial sentencing recommendation which was not ultimately made, at the time (Johnson) pleaded guilty, he knew the prosecutor would recommend a 21 year consecutive sentence.' 81 L. Ed. 2d 437, @ 444.

"14. In the case at bar, Mr. Ratley did not enter into a plea agreement, so the facts are distinguishable from both *Santobello* and *Mabry* in that respect. However, he did enter into a charge agreement upon which he relied and pursuant to which he was induced to give incriminating statements and cooperate with the State's investigation.

"15. Here, as in *Santobello*, the interests of justice and appropriate recognition of the duties of the prosecution, in relation to promises made, will best be served by specifically enforcing the charge agreement.

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the defendant's motion to enforce charge agreement be sustained and alternate Count I of the State's Information should be stricken."

The State dismissed the remaining count (possession with intent to sell) and filed its notice of appeal herein.

The State contends the district court erred in:

1. Finding that there was a valid agreement between the State and the defendant;
2. holding that the State's filing of an information containing the alternative cultivation count violated the agreement; and
3. ordering specific performance of the agreement (the striking of the alternative cultivation count).

The appellate standard of review is clear. When the district court has made findings of fact and conclusions of law, the function of the Supreme Court on appeal is to determine whether the findings are supported by substantial competent evidence and whether the findings are sufficient to support the district court's conclusions of law. *Lansing-Delaware Water District v. Oak Lane Park, Inc.*, 248 Kan. 563, Syl. ¶ 3, 808 P.2d 1369 (1991).

Substantial evidence is evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved. Stated in another way, "substantial evidence" is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *State v. Garcia*, 250 Kan. 310, Syl. ¶ 3, 827 P.2d 727 (1992). Furthermore, " '[u]pon appellate review [the appellate court] accepts as true the evidence and all inferences to be drawn therefrom which support or tend to support the findings of the trial judge.' " *Taylor v. State*, 252 Kan. 98, 104, 843 P.2d 682 (1992) (quoting *Short v. Wise*, 239 Kan. 171, 178, 718 P.2d 604 [1986]).

## VALIDITY OF THE AGREEMENT

For its first issue, the State contends the district court erred in finding there was a valid agreement between the State and the defendant. Specifically, the State contends Cole intended that the agreement provide for the defendant to be charged with and plead guilty to one class C felony (possession with intent to sell and cultivation of marijuana are each class C felonies). The State frames its first issue as "whether the literal language of the written agreement controls over what the prosecutor actually authorized." Williams testified that the agreement he prepared and signed was what he understood Cole to have authorized in their telephone conversation. Cole testified to the contrary. The State argues the agreement is invalid because: (1) its terms were the result of mutual mistake; or (2) its terms were not in accordance with what Cole authorized his agent (Williams) to do on Cole's behalf.

Little is to be gained from a discussion of the doctrine of "mutual mistake" as a ground for relief from a contract. There is no claim made or evidence introduced that the agreement was

not in accordance with what defendant understood the agreement to be.

The State's attempt to invalidate the agreement as being in excess of Cole's grant of authority to Williams merits only slightly more attention. The district court, based on substantial competent evidence, found the agreement as entered into was with the "full knowledge and authority of the Anderson County Attorney, Craig Cole." Even if the terms of the agreement had not been specifically what Cole intended to authorize, the State accepted the full benefit of the agreement before claiming it was not in accordance with authority granted to Williams. Under these circumstances, it would be inappropriate to afford the State "overs" on the agreement.

## BREACH OF THE AGREEMENT

For its second issue, the State argues the district court erred in finding the State breached the agreement by filing the information charging cultivation as an alternative count to possession with intent to sell. Specifically, the State argues that cultivation is but a different means of violation of K.S.A. 65-4127b(b)(3) and not an additional charge within the purview of the agreement. In support thereof, defendant likens the situation to charging felony murder and premeditated murder, alternatively. In *State v. McCowan*, 226 Kan. 752, 602 P.2d 1363 (1979), *cert. denied* 449 U.S. 844 (1980), we stated:

"At the outset it should be pointed out that premeditated murder and felony murder are not separate or different offenses. The statute merely provides alternative methods of proving the deliberation and premeditation required for a conviction of first-degree murder under K.S.A. 21-3401. The statute provides:

'Murder in the first degree is the killing of a human being committed maliciously, willfully, deliberately and with premeditation *or* committed in the perpetration or attempt to perpetrate any felony.' (Emphasis added.)

A prosecution under the felony murder rule merely changes the type of proof necessary to establish a violation of the statute. Proof that a homicide was committed in the perpetration of a felony is tantamount to premeditation and deliberation which otherwise would be necessary to constitute murder in the first degree. *State v. Mauldin*, 215 Kan. 956, 529 P.2d 124 (1974); *State v. Lamb*, 209 Kan. 453, 497 P.2d 275 (1972)." 226 Kan. at 759.

In the felony-murder/premeditated murder situation there is a single crime charged—first-degree murder. The deliberation and

premeditation elements of the single crime may be proved by alternative means. Cultivation of marijuana and possession with intent to sell marijuana are not a single crime. Absent the agreement herein, defendant could have been charged with possession with intent to sell the packaged marijuana and cultivation of the seized growing plants. The State elected, by its agreement, to limit itself to a single count of possession with intent to sell. By accepting the agreement, the defendant gained the benefit of facing that one specific charge.

The State further argues that as defendant was bound over on both charges, alternatively, by the magistrate, the State did not breach the agreement. Even without the significant fact, found by the district court, that the magistrate's consideration of cultivation was at the request of the State, the argument still would fail. The State is not required by law to charge in an information every count on which a defendant may have been bound over. As we stated in *State v. Turner*, 223 Kan. 707, 576 P.2d 644 (1978):

"On appeal the defendant contends that the district court erred in overruling his motion to dismiss the charges in the second case. In support of his position the defendant relies on K.S.A. 22-2905(1) and (2) which provide as follows:

'22-2905. **Proceedings after the preliminary examination.** (1) When a defendant is bound over to the district court, the magistrate shall forthwith prepare a transcript of all proceedings before him and shall certify and transmit such transcript, together with the appearance bond and any security taken by him, to the clerk of the district court in which the accused is ordered to appear.

" '(2) When a defendant is bound over to the district court, the prosecuting attorney *shall* file an information in the office of the clerk of the district court, charging the crime for which the defendant was bound over.' (Emphasis supplied.)

"It is the position of the defendant that under 22-2905(2), when a defendant is bound over to a district court for trial, the prosecuting attorney *must* file an information in the office of the clerk of the district court charging the crime for which the defendant was bound over. Defendant maintains that the use of the word 'shall' makes such action mandatory. We do not agree with the defendant in his construction of the statute. In our view the statutory provision is directory rather than mandatory since it simply directs a mode of procedure to secure order, system, and dispatch in criminal proceedings. (*Paul v. City of Manhattan*, 212 Kan. 381, 511 P.2d 244; *State v. Brown*, 205 Kan. 457, 470 P.2d 815.) It has long been the law of this

state that a preliminary examination is not a trial of the defendant's guilt; it is rather an inquiry whether the defendant should be held for trial. (*In re Mortimer*, 192 Kan. 164, 386 P.2d 261.) Following a preliminary examination, the examining magistrate has no power to acquit but only the power to discharge from custody. Such a discharge is not a bar to another examination. (*State v. Henry*, 219 Kan. 310, 548 P.2d 808.) The district attorney is the representative of the state in criminal prosecutions. He controls criminal prosecutions. He has the authority to dismiss any charge or to reduce any charge. (*State v. Pruett*, 213 Kan. 41, 515 P.2d 1051; *State v. Kilpatrick*, 201 Kan. 6, 439 P.2d 99.)" 223 Kan. at 708-09.

Here, at the request of the county attorney, the magistrate considered and bound defendant over on a charge violative of the State's agreement with the defendant. This maneuver cannot be used to allow the State to avoid its obligation under the agreement. We find no error in the district court's determination that the State breached its agreement in filing the information herein charging cultivation in the alternative.

## SPECIFIC PERFORMANCE

Next, the State argues that appropriate relief under the facts herein is something less severe than striking the offending cultivation count. We do not agree. Most of the case law involving agreements between the prosecution and defendants concerns plea bargains and, thus, is distinguishable from the situation herein. The district court's rationale is sound, and we find no error or abuse of discretion in its granting of specific performance herein. In a typical case where specific performance of a contract is requested, the alternative is the payment of civil damages. Such is not an alternative herein. The suggestion by the State that exclusion of defendant's incriminating statements is the proper relief is not persuasive. The defendant was not a party to or cause of any confession or mistake. If any such existed, they were purely intramural matters confined to the State's side of the agreement. The defendant accepted the written agreement as prepared by the State and fully complied with his obligations thereunder. He is entitled to the benefit of his bargain. The only way this can be achieved is to enforce the agreement. The striking of the cultivation count puts each party thereto in the position called for by the agreement.

The judgment is affirmed.