No. 70,895

STATE OF KANSAS, *Appellee*, v. DANIEL R. HOPKINS, *Appellant*.

(896 P.2d 373)

Opinion filed June 2, 1995.

*Edward G. Collister, Jr.*, special appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*Gwynne E. Harris*, assistant district attorney, argued the cause, and *Joan M. Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is a direct appeal by the defendant, Daniel R. Hopkins, from his convictions for rape and aggravated criminal sodomy. One issue is raised on appeal. The defendant claims juror misconduct.

The facts underlying the offenses are not significant to the issue on appeal. The defendant claimed consent and the victim denied she consented. The defendant was sentenced to concurrent sentences of 12 years to life for each of the convictions.

Apparently, a juror, Larry Wait, started visiting the defendant in jail after the trial and established a bond with the defendant through prayer. Wait then contacted the defendant's lawyer, went to the lawyer's office, and signed the following affidavit:

"I, Larry E. Wait, of lawful age, being first duly sworn, states that:

1. The affiant was a juror selected to hear the case entitled State of Kansas v. Daniel R. Hopkins, Shawnee County District Court, Case No. 92-CR-2639.

2. That affiant was present in the courtroom during the entire voir dire process.

3. That affiant failed to disclose to counsel for the parties about his ex-girlfriend being raped despite questioning from both counsel concerning whether any prospective jurors had any close friends, relatives or others who had been raped."

The defendant then filed a motion for a new trial or, in the alternative, to set aside the jury's verdict.

A hearing was held on the motion. The defendant presented no evidence and relied on the affidavit of Larry Wait. The defendant argued that he was denied a fair and impartial jury and that had Wait stated an ex-girlfriend had been raped, the defendant could have developed more facts and he "might have" used a peremptory challenge to exclude Wait from the jury panel.

The trial court ruled that the question was one of juror misconduct and whether the juror wrongfully answered a question asked of the juror. The court indicated from its reading of a transcription of voir dire that while some prospective jurors were asked if they knew any person who had been raped, that question was not asked to each individual venireperson (and not to Larry Wait), nor was it ever asked to the panel as a whole. Rather, the only questions asked of the panel by defense counsel were whether anyone had been the victim of a crime or a complainant, defendant, or witness in a criminal case, or whether a family member had been a complainant or a witness in a criminal case. The court stated, "In essence, there were no questions on the panel for which he in my judgment would be required to respond to." The court also pointed out that when Wait was asked by the prosecutor whether there was anything that stuck out in his mind that he wanted to talk about, Wait indicated that he had no concerns; if Wait had some concerns after the fact, he would in essence be impeaching his own verdict. The court concluded, "[T]here is no false declaration in the record

or even the opportunity to make one. So I don't think there's jury misconduct here."

The State argues on appeal that defendant's motion was not timely filed. The State made the same argument in the trial court. The trial court ruled the motion was timely filed, and the State did not cross-appeal from the trial court's ruling. Thus, the issue is not before this court.

The granting of a new trial is a matter which lies within the sound discretion of the trial court, and appellate review of a trial court's decision denying a new trial is limited to whether the trial court abused its discretion. See *Taylor v. State*, 251 Kan. 272, 277, 834 P.2d 1325 (1992).

The defendant refers this court to K.S.A. 22-3423(1)(e), which permits the trial court to grant a mistrial if a juror's false statement during voir dire prevents a fair trial. This court has stated that "[j]uror misconduct in civil and criminal cases is not a ground for reversal, new trial, or mistrial unless it is shown to have substantially prejudiced a party's rights. The party claiming prejudice has the burden of proof." *State v. Cady*, 248 Kan. 743, 756, 811 P.2d 1130 (1991).

The first question for this court to determine is whether juror misconduct occurred. The trial court here found that juror misconduct did not occur because Wait was not asked a question to which he was required to respond with the information about his ex-girlfriend. This court will affirm the trial court's finding if it is supported by substantial competent evidence. Substantial evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. See *State v. Ratley*, 253 Kan. 394, 398, 855 P.2d 943 (1993).

The record clearly shows that Wait was never directly asked if he knew anyone who had been raped. This does not mean there were no questions he was required to respond to. A careful reading of the transcript reveals that a very alert potential juror sitting in the courtroom during the questioning of the panel and other potential jurors would have realized counsel was interested in whether a potential juror knew a rape victim.

However, Wait did not make a false statement or give misleading information. He was asked if he had heard everything that had occurred. He was not asked if he would have responded to any of the questions asked of other potential jurors. What he was asked by the prosecution was: "Is there anything or something that sticks out in your mind that you want to talk about?"

Based on that question, the defendant asked the trial judge to find that juror misconduct occurred. During voir dire defendant's counsel asked no questions of this juror in the general area complained of. Potential jurors are not required to be mind readers. Juror misconduct must be based on more than the failure to volunteer information a potential juror speculates or surmises is important to counsel. The trial judge did not err in finding there was no juror misconduct.

In addition, we would observe that the defendant did not use a peremptory challenge to exclude any other juror who had prior experiences with rape. One venireperson was excused for cause at the defendant's request after stating she could not be impartial because of her prior experiences with rape victims. Of the 12 jurors who tried this case, four had prior experiences with rape: One juror was herself the victim of rape, one had a cousin who had been raped, one had a friend who had been raped, and one had contact with rape victims through work. Therefore, the record does not support an inference that the mere fact of Wait's ex-girlfriend's prior rape would have led the defendant to exercise a peremptory strike to excuse Wait from the jury.

Nothing in the record before us shows that the verdict in this case was rendered by other than a fair and impartial jury or that the trial judge abused his discretion in denying the defendant's motion for a new trial.

Affirmed.