No. 75,060

STATE OF KANSAS, *Appellee*, v. CURTIS L. TURNER, *Appellant*.

(915 P.2d 753)

Opinion filed April 19, 1996.

*Daniel E. Monnat*, of Monnat & Spurrier, Chartered, of Wichita, argued the cause and was on the brief for appellant.

*Debra S. Peterson*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This is the second appeal by Curtis L. Turner and follows our remand in *State v. Turner*, 257 Kan. 19, 891 P.2d 317 (1995), on the sole issue of whether the police activity in making a false statement in the course of obtaining a search warrant was so egregious as to require application of the exclusionary rule to

Turner's probation revocation proceeding. The present appeal is from the district court's finding that the police activity was not so egregious as to warrant application of the exclusionary rule.

The facts are not in dispute and are contained in our initial opinion. It is helpful to include in this opinion some of the underlying facts and procedural history of this case. On November 3, 1992, Detective Alan Prince of the Wichita Police Department filed an application with the Sedgwick County District Court for a search warrant to search the defendant's residence. In his affidavit for a search warrant, Detective Prince stated that he gave money to a confidential informant, who then paged the defendant. The defendant called the informant and agreed to sell him cocaine at a nearby car wash. Detectives then followed the defendant from his residence to the car wash, where the defendant met with the confidential informant and gave the informant a bag of white powder, later identified as cocaine, in exchange for $300. In his affidavit, Detective Prince also stated that a separate confidential informant had told him that the defendant kept an inventory of cocaine at his house and was selling cocaine from his house.

Based on information contained in the affidavit, the district court issued a search warrant. However, the warrant was never served and was returned on November 10.

On November 6, 1992, Troy Derby, an agent for the Drug Enforcement Agency, filed an application in federal court for a search warrant. In his affidavit, Agent Derby stated that various sources had informed him that the defendant was involved in narcotics trafficking and that the defendant distributed large quantities of marijuana. Derby also stated that his source had purchased cocaine from the defendant approximately 10 times. Derby related: "On October 30, 1992, a Confidential Informant purchased cocaine for Wichita Police Department Detective Alan Prince from person or persons at 2460 Winstead Circle." No mention was made that the buy actually occurred at the car wash, not at the defendant's residence. A federal search warrant was issued on the basis of the affidavit.

On November 6, 1992, law enforcement officers executed the federal search warrant on the defendant's house and recovered

marijuana and cocaine. The defendant was charged with possession of cocaine and marijuana with intent to sell, as well as tax stamp violations. A warrant to revoke the defendant's probation was also filed.

The defendant was bound over for trial, and his probation was revoked. Several months later, the prosecution discovered that the affidavit supporting the search warrant contained a false statement in that it alleged that the controlled buy was made at the defendant's house rather than the car wash. As a result, the prosecution determined that the evidence discovered in the search was inadmissible and dismissed the charges.

The defendant filed a motion to reconsider revocation of his probation based on the fact that the search warrant was illegally obtained and thus, the evidence uncovered should have been suppressed pursuant to the exclusionary rule. The district court denied the request, finding that the exclusionary rule did not apply to a hearing on probation revocation.

Upon appeal, the Kansas Court of Appeals determined that the district court had erred in finding that the exclusionary rule did not apply and reversed the district court. *State v. Turner*, 19 Kan. App. 2d 535, 540, 873 P.2d 208 (1994). We granted review and determined generally that the exclusionary rule does not apply to probation revocation proceedings. We held:

"Generally, evidence illegally seized from a probationer is not barred from a probation revocation proceeding by the exclusionary rule. The bare fact that the officer or officers acting unlawfully knew of the defendant's probationary status is insufficient to create an exception thereto. However, an exception may be warranted if the court finds, under the totality of the circumstances, that the police misconduct is so egregious that its deterrence outweighs the court's need for information." *State v. Turner*, 257 Kan. 19, Syl. ¶ 1.

Consistent with our decision, we remanded Turner's case to the district court for an evidentiary hearing to determine whether the unlawful police activity was so egregious as to warrant application of the exclusionary rule. 257 Kan. at 27.

### Proceedings Upon Remand

The evidentiary hearing required by this court was conducted

on three separate days. Detective Prince testified that he did not execute the original state search warrant because the investigation became a joint state/federal matter. Due to the anticipated amount of cocaine involved, he anticipated federal charges and decided to call in federal investigators and pursue a federal search warrant.

According to Detective Prince, he met with Agent Derby and Assistant United States Attorney Blair Watson, and Watson drew up the federal search warrant affidavit with their input. Detective Prince testified that one of the major concerns in drawing up the affidavit was the protection of the confidential informant. He stated that the confidential informant was frightened of his name becoming known to the defendant and that the confidential informant had reported witnessing the defendant beat someone and stuff the person in the trunk of the defendant's car. Detective Prince testified that he, Agent Derby, and Watson decided not to mention in the affidavit that the controlled buy took place at the car wash in case the informant was the only person to whom the defendant was selling drugs at that location.

Detective Prince insisted that the search warrant was factually correct. He stated that the way he read the affidavit, it simply stated that the drugs were purchased from persons who resided at the defendant's house, not that the drugs were actually purchased at the defendant's house. Agent Derby testified that the major concern in drafting the affidavit was protecting the identity of the confidential informant. Derby also stated that he did not consider the affidavit to be misleading.

Doug Roth, Deputy District Attorney for the 18th Judicial District, also testified. Roth stated that, after reviewing the search warrant affidavit, his office determined that there was a significant problem with the statement because it erroneously suggested that the drugs were purchased from the defendant's home. Roth testified that he discussed the problem with the United States Attorney's office and finally determined to go ahead and dismiss the criminal charges against the defendant. Roth stated that his office did not want to take the position that the statements in the search warrant affidavit were truthful and valid because they did not want to undermine the office's credibility with the court.

The district court determined that a reasonable magistrate would have interpreted the search warrant to mean that the drugs were purchased at the home of the defendant and that the affidavit would have caused validity problems with any search warrant issued based upon it. However, the court further determined that a valid search warrant could have been obtained had the search warrant truthfully recited the facts and that this was not a case where the false statements were made to induce the issuing of a search warrant. The court found that while the behavior of the agents was "an ill-informed, ill-conceived, and poorly executed attempt to protect a confidential informant," it was not so egregious that the need for its deterrence outweighed the court's need for information. Accordingly, the district court denied the defendant's request to suppress the information.

### Egregious Conduct

We are called upon to review the district court's determination that the defendant does not fit within the limited exception for those cases where the conduct of the officer involved is so egregious that the need for its deterrence outweighs the court's need for information.

The resolution of this question involves both questions of fact and law. The district court made a factual finding that the officers were motivated by their concern for the confidential informant. The court also determined that the information, if truthfully presented, would have been sufficient to justify the issuance of a search warrant. Finally, the court concluded that as a matter of law, under the totality of the circumstances, the conduct of Detective Prince, Agent Derby, and Watson was not so egregious as to require the application of the exclusionary rule.

Where the district court has made findings of fact and conclusions of law, this court's standard of review is to determine whether the findings of fact are supported by substantial competent evidence and whether the findings of fact are sufficient to support the district court's conclusions of law. *State v. Ratley*, 253 Kan. 394, 398, 855 P.2d 943 (1993).

This court has not attempted to set out what such egregious conduct entails. Because of the factual nature of such a determination, the determination of whether such conduct is so egregious must be made on a case by case basis. However, it is apparent from our earlier decision in *Turner* that the conduct must go beyond simply knowing that the subject is a probationer. See 257 Kan. at 27.

The defendant urges us to hold that any intentional false statement made by the prosecution should be considered egregious conduct sufficient to justify the application of the exclusionary rule. He argues that intentional factual manipulation by law enforcement officers in a search warrant affidavit is a great constitutional evil, as magistrates generally assume that the affiant is being truthful.

It is clear that the officers in this case intentionally inserted false information in their search warrant affidavit. The affidavit stated: "On October 30, 1992, a Confidential Informant purchased cocaine for Wichita Police Department Detective Alan Prince from person or persons at 2460 Winstead Circle." The obvious conclusion that a magistrate would draw from this statement is that the drug buy was conducted in the defendant's apartment. The assertions by both Detective Prince and Agent Derby that the statement was not false and only meant to convey that the seller lived at 2460 Winstead Circle are not credible.

At the same time, there was no evidence presented to support a conclusion that the officers made these false statements in an attempt to convince the federal magistrate to issue a search warrant because the true facts would not have supported a warrant. In fact, the district court concluded otherwise. Nor was there any evidence that the officers presented false evidence for the sole purpose of obtaining evidence to revoke Turner's probation, knowing the false evidence would not support criminal charges. The district court did find that the intention of the officers in making the false statement was simply to protect the identity of the confidential informant.

In this case, there was substantial competent evidence to support the district court's finding that the officers were motivated by con-

cern for the safety of the confidential informant rather than a desire to bolster the evidence supporting the search warrant application. Both Detective Prince and Agent Derby testified that the purpose in disguising the location of the controlled buy was to protect the informant. While the defendant argues that the officers' testimony was not credible, it is the duty of the district court, not this court, to weigh the evidence and pass on the credibility of the witnesses. See *State v. Rowell*, 256 Kan. 200, 213, 883 P.2d 1184 (1994).

There was also substantial competent evidence to support the trial court's finding that had the officers simply recited the truth as contained in Detective Prince's first affidavit, a warrant could have been secured. This factor supports the conclusion that the officers acted out of a desire to protect the confidential informant rather than to illegally obtain a valid search warrant.

The defendant argues that the motives of Detective Prince, Agent Derby, and Watson are suspect and, rather than being inspired by the necessity to protect the confidential informant's identity, they could have just as easily been seeking to establish a more favorable basis to support their request for a search warrant. The officers' motives, however, were questions of fact for the district court to decide, and it did so, concluding that the officers' motivation was indeed to protect the informant. This court's standard of review for questions of fact is simply to determine whether they are supported by substantial competent evidence. See *State v. Ratley*, 253 Kan. at 398.

The defendant also argues that, in light of the attitudes of Detective Prince and Agent Derby on the stand, the exclusionary rule should apply in this case. The defendant contends that both officers still failed to recognize that they had committed a wrongdoing and that this shows that the simple deterrent effect of having the defendant's criminal prosecution dismissed did not make an impact on them.

While the officers' statements in the affidavit were misleading and false, this does not necessarily justify the use of the exclusionary rule. We have held that deciding whether to apply the exclusionary rule must be determined by weighing the extent to which the rule will deter unconstitutional conduct with the cost to the

truth-finding process. See *State v. Turner*, 257 Kan. at 22. In this case, where the motives of the officers were simply to protect the identity of the confidential informant, applying the exclusionary rule will not effectively deter officers from including false statements in the hope of obtaining a search warrant, which is the main evil inherent in the making of false statements on a search warrant affidavit. While we do not condone the use of such false information in a search warrant affidavit, we agree with the trial court that the officers' conduct was not so egregious as to require application of the exclusionary rule in the defendant's probation revocation proceeding.

Finally, the defendant argues that continuing, widespread police corruption nationwide also shows the need for deterrence in cases such as this one. *Turner* presented no evidence to support this assertion. In any event, application of the exclusionary rule under the facts as found by the district court would not fit within the narrow exception set forth in *Turner*.

The district court determined that although the officers in this case intentionally provided a false or misleading statement in their affidavit, their intentions were not to bolster the information contained in the affidavit in hope of getting a search warrant where one would not normally be granted, but instead were simply to protect the identity of their confidential informant. This finding is supported by substantial competent evidence. Looking at the totality of the circumstances, it is clear that this finding supports the district court's conclusion that under the facts of this case, the officers' conduct was not so egregious as to require the application of the exclusionary rule.

Affirmed.

ABBOTT, J., concurs in the foregoing opinion for the reasons expressed in his dissenting opinion in *State v. Turner*, 257 Kan. 19, 28, 891 P.2d 317 (1995).