(967 P.2d 356)
No. 79,770

KEVIN WAYNE MELTON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

—

Opinion filed November 13, 1998.

*Robert L. Peter*, of Ellinwood, for appellant.

*Rick J. Scheufler*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., ELLIOTT, J., and DEAN SMITH, District Judge Retired, assigned.

ELLIOTT, J.: On January 23, 1995, Kevin Wayne Melton pled no contest to second-degree murder when he was 15 years old. In his K.S.A. 60-1507 petition, he alleged that because second-degree murder is a lesser included offense of felony murder, he should have been sentenced under the Juvenile Offenders Code pursuant to K.S.A. 38-1636(i).

The trial court denied Melton relief, and this appeal followed. We dismiss.

Melton was originally charged with felony murder, an off-grid crime, and was a juvenile at the time of the offense; he was certified to be tried as an adult. A new petition was filed charging Melton as an adult.

After negotiations, Melton entered a plea agreement by which the State agreed to amend the charging document to second-degree murder in exchange for Melton's no contest plea. Melton pled no contest to the amended murder charge, conspiracy to commit aggravated robbery, and criminal damage to property. Melton was

sentenced to 105 months, 47 months, and 6 months respectively, to run concurrently.

Simply put, Melton was not convicted of a lesser included offense; he was convicted of the crime for which he was charged—second-degree murder.

K.S.A. 38-1636 permits a juvenile to be prosecuted as an adult under certain circumstances. Interestingly, K.S.A. 38-1636(i) states that if a juvenile is prosecuted as an adult under subsections (f)(1) or (f)(2) but is convicted of a lesser included offense, the juvenile *shall* be a juvenile offender and sentenced pursuant to the juvenile code.

For example, in the present case, Melton could have been charged as an adult for felony murder, pled guilty to the lesser offense of second-degree murder, and, if the State failed to amend the charging document, been sentenced pursuant to the Juvenile Offenders Code.

Instead, Melton was charged with second-degree murder pursuant to an amended petition, which relates back to the original petition. K.S.A. 60-215(c). Accordingly, second-degree murder is the only crime for which Melton was charged. There is no lesser included offense and K.S.A. 38-1636(i) simply is inapplicable.

As a result, Melton's sentence falls within the presumptive range for the crime charged and is not appealable.

Appeal dismissed.