NOT DESIGNATED FOR PUBLICATION

No. 117,782

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS ALLEN LOEFFLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed July 27, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MCANANY and BRUNS, JJ.

PER CURIAM:  Thomas Loeffler pled no contest to two counts of distribution of methamphetamine as defined by K.S.A. 2017 Supp. 21-5705(a)(1), but all of the charging documents erroneously listed K.S.A. 2017 Supp. 21-5705(a)(4), a hallucinogenic drug, as the authority for the charge. After Loeffler entered his plea, the trial court made a guilty finding. Before sentencing, Loeffler filed an objection to the presentence investigation (PSI) report because the Kansas Offender Registration Act does not impose a duty to register as an offender for crimes charged under K.S.A. 2017 Supp. 21-5705(a)(4). He argued that the State should be bound by the original charge listed in the complaint. The

1

trial court ruled that it was a typographical error and allowed the State to amend its complaint at sentencing. On appeal, Loeffler argues that the State breached the plea agreement in violation of his due process rights. We disagree. Finding no merit in this argument, we affirm.

Thomas Loeffler was originally charged with a total of 10 counts of various charges for distribution of methamphetamine, no drug tax stamps, and possession with intent to distribute methamphetamine. As part of a plea agreement, Loeffler pled no contest to two counts of distribution of methamphetamine under K.S.A. 2017 Supp. 21-5705(a)(4), a drug severity level 3 nonperson felony, and in exchange the State dropped the remaining eight charges against him. The plea agreement stated that "The State of Kansas agrees to file no additional charges arising out of the same transaction(s) or series of transaction(s) upon acceptance of this agreement."

At the preliminary hearing, Loeffler stated that he discussed the plea with his attorney and did not disagree with the charges against him. The trial court found Loeffler guilty of the two counts of distribution of methamphetamine as charged in the plea agreement. The trial court neglected to inform Loeffler of the duty to register as an offender under the Kansas Offender Registration Act (KORA), but the PSI report listed it as a requirement. Loeffler objected, both at sentencing and through a motion submitted before sentencing, to the imposition of registering under this act because it only applied to defendants charged under K.S.A. 2017 Supp. 21-5705(a)(1), not those charged under K.S.A. 2017 Supp. 21-5705(a)(4).

At sentencing, the State realized that subsection K.S.A. 2017 Supp. 21-5705(a)(4) was a typographical error and intended to charge him under K.S.A. 2017 Supp. 21-5705(a)(1) because it pertained to methamphetamine. The State argued that the language was quite clear that Loeffler was charged with distributing a stimulant: that stimulant being methamphetamine. Loeffler argued that the State lacked jurisdiction to amend the

2

complaint at this juncture and that the State should be bound by the complaint. The trial court ruled that it was a typographical error and allowed the State to amend the complaint through interlineation. The trial court then asked Loeffler's counsel if she would like a continuance before proceeding to sentencing due to Loeffler's unawareness of the registration duty. Loeffler's counsel responded that she had "already spoken with Mr. Loeffler about this particular issue in multiple stages" and that he was aware that this might potentially be an outcome. Loeffler made no further objections and the court moved on to sentencing him. The trial court told Loeffler at sentencing of his duty to register as an offender.

*Did Loeffler Properly Preserve the Issues for Appeal?*

Loeffler claims that the trial court violated his due process rights. Generally, appellate courts do not consider constitutional issues raised for the first time on appeal unless it meets one of the following exceptions:

> "(1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason." *State v. Dukes*, 290 Kan. 485, 488, 231 P.3d 558 (2010).

But "an exception must be invoked by the party asserting the claim for the first time on appeal." *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). When briefing an issue, Kansas Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 35) states:

> "Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court."

Our Kansas Supreme Court has warned that future litigants need to comply with Rule 6.02(a)(5) "or risk a ruling that an issue improperly briefed will be deemed waived or abandoned." *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014).

The State contends that Loeffler did not properly preserve the amended complaint and breach of plea agreement issues for appeal because he did not raise these issues in the trial court. The State does not believe that any of the exceptions to the preservation rule are applicable here. But Loeffler clearly objected to the State's lack of jurisdiction to amend the complaint, both at sentencing and through a motion submitted to the court before the hearing. Thus, this issue was properly preserved for appeal.

With respect to the issue that the State breached the plea agreement, Loeffler contends that this issue is implicitly before this court because he argued at the trial court level that the State should be bound by the unamended complaint. Loeffler also argues that absent proper objection, this issue is properly before this court because it is a pure question of law based on admitted facts and it is necessary to prevent denying his fundamental due process rights.

While Loeffler did not specifically object on the grounds that the State breached a plea agreement, he did object to the State amending the complaint in any way. He argued that the State should be bound by the complaint. This issue is one that involves only a pure question of law and Loeffler's fundamental right to due process. Because Loeffler invoked those exceptions in his brief, he complied with Rule 6.02(a)(5) and properly preserved both issues for appeal.

*Did the Trial Court Err in Allowing the State to Amend the Complaint at Sentencing?*

Whether there has been an error in the charging documents receives a de novo standard of review. *State v. Dunn*, 304 Kan. 773, 819, 375 P.3d 332 (2016). "The sources

4

of law governing the three types of charging document challenges we have addressed are the Kansas Constitution, statutory definitions of Kansas crimes, and federal and state constitutional provisions. We apply a de novo standard to both constitutional and statutory interpretation." 304 Kan. at 819.

Loeffler contends that the State lacked the authority to amend the complaint after the trial court found him guilty because it violated his due process rights. Loeffler argues that the State's amended complaint breached the plea agreement because the State agreed to not file any additional charges, but by changing the statute, it imposed a new duty to register as an offender. Loeffler asks this court to vacate the sentence and remand for a new sentencing hearing in compliance with the original plea agreement.

Conversely, the State argues that it had jurisdiction to amend the complaint because it was only a typographical error and no substance was changed. The State argues Loeffler knew he was charged with distribution of a stimulant, to wit: methamphetamine, as listed in K.S.A. 2017 Supp. 65-4107(d)(3), because the complaint and information documents clearly laid out the elements and severity level of this crime. The State also argues that Loeffler had notice of the charges because he discussed them with his attorney at "multiple stages" of the proceedings. The State further contends it did not breach the plea agreement because there were no discussions or agreements that Loeffler would not have to register as an offender.

Loeffler believes that the distribution of controlled substances statutory scheme is confusing because different drugs can be mixed together to create analogs of the original drugs. Because the felony severity level is determined by quantity rather than drug type, Loeffler contends that a person convicted of distribution of a hallucinogenic drug could be punished the same as if he was distributing a stimulant, so long as there was any quantity of methamphetamine mixed in it. Loeffler argues in his brief that because the crime's description stated in the complaint was "distribution of methamphetamine," it is

5

not clear whether the distribution charge was a pure methamphetamine under K.S.A. 2017 Supp. 21-5705(a)(1), a stimulant amphetamine under K.S.A. 2017 Supp. 21-5705(a)(3), or one of the many hallucinogenic amphetamines under K.S.A. 2017 Supp. 21-5705(a)(4). Thus, Loeffler suggests that K.S.A. 2017 Supp. 21-5705(a)(4), which covers the hallucinogenic substances, could also include methamphetamine, meaning the complaint cited an appropriate statute for the charges.

Nevertheless, Loeffler is incorrect that the statute listed in the complaint is an appropriate charge. K.S.A. 2017 Supp. 21-5705(a)(1) states that it is unlawful to distribute any opiate, opium, or narcotic drug, or stimulant drug listed under sections (d)(1), (d)(3), or (f)(1) of K.S.A. 65-4107. Methamphetamine is a stimulant listed under subsection (d)(3). In contrast, K.S.A. 2017 Supp. 21-5705(a)(4) lists hallucinogenic drugs which can be found under "(d) of K.S.A. 65-4105, subsection (g) of K.S.A. 65-4107 or subsection (g) of K.S.A. 65-4109." Methamphetamine is not listed under any of the hallucinogenic subsections, it is only listed as a stimulant. Therefore, a person cannot be charged with distribution of methamphetamine under K.S.A. 2017 Supp. 21-5705(a)(4) as Loeffler suggests. Further, Loeffler does not contend, nor is there anything in the record to suggest, that the drugs at issue here were anything other than methamphetamine. Thus, the State is correct that Loeffler could not actually be charged under K.S.A. 2017 Supp. 21-5705(a)(4) given this set of facts.

The issue then is whether the trial court had the ability to amend the complaint to reflect the correct charge after the trial court made a guilty finding. Loeffler argues that the controlling statute is K.S.A. 22-3201(e), which states that the court may permit the complaint to be amended any time *before* verdict or finding if no additional or different crime is charged and if the defendant's substantial rights are not prejudiced. Loeffler contends that the State's amendment came too late because it was done at sentencing, rather than before the trial court made the guilty finding during the preliminary hearing as required by statute.

Nevertheless, K.S.A. 2017 Supp. 22-3504(2) provides that clerical mistakes in judgments, orders, or other parts of the record and errors in the record that have arisen from oversight or omission can be corrected at any time and after notice as the court orders. "Clerical mistakes include, 'typographical errors, incorrect statute numbers, failure to include the statute number, failure to state additional true matter, formal or clerical errors and entries concerning matters of procedure' and are correctable by nunc pro tunc orders." *State v. Bailey*, 306 Kan. 393, 398, 394 P.3d 831 (2017).

This statute "only applies if a sentence is illegal, and the question of whether a sentence is illegal is a question of law over which this court has unlimited review." *State v. Davis*, 283 Kan. 767, 768-69, 156 P.3d 665 (2007). K.S.A. 2017 Supp. 22-3504(3) defines an illegal sentence as "a sentence . . . [i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." Loeffler contends that the sentence of registering as an offender under KORA for the next 15 years does not conform to the statutory provision of K.S.A. 2017 Supp. 21-5705(a)(4) which he was charged with before the amendment. Therefore, this case involves an illegal sentence issue and K.S.A. 2017 Supp. 22-3504(2) governs. A reviewing court has the jurisdiction to correct an illegal sentence at any time. *State v. Perez*, 267 Kan. 543, 549, 987 P.2d 1055 (1999).

This case is similar to *State v. Gaines*, No. 89,897, 2004 WL 421974, at *1 (Kan. App. 2004) (unpublished opinion), where the defendant argued at sentencing that the complaint was fatally defective because, in listing the wrong statute, it did not provide the essential elements of the actual crime he committed. The complaint erroneously charged Gaines with aggravated escape from custody under K.S.A. 75-5205, but the complaint should have cited the correct statute of K.S.A. 75-5202. The trial court allowed the State to amend the complaint by interlineation because it was only a typographical error which

7

did not prejudice Gaines. The appellate court upheld the amendment finding that Gaines' complaint was sufficient because it contained the essential elements of the crime, but simply cited the wrong statute to define the type of correctional facility from which he escaped. 2004 WL 421974, at *3. The appellate court noted that the inclusion of K.S.A. 75-5205, the incorrect statute, which was being used to describe the type of correctional facility, was surplusage. 2004 WL 421974, at *3.

Similarly, here the trial court has jurisdiction to correct an illegal sentence by virtue of statute which specifically allows the trial court to correct a clerical error at any time. The State made an unintentional typographical error when it cited subsection K.S.A. 2017 Supp. 21-5705(a)(4) instead of subsection K.S.A. 2017 Supp. 21-5705(a)(1). The record shows that the State always intended to charge Loeffler with distribution of a stimulant, with that stimulant being methamphetamine, which is a registerable offense. The State charged him with the essential facts and elements of distribution of methamphetamine based on the evidence provided at the preliminary hearing. The State clarified that subsection K.S.A. 2017 Supp. 21-5705(a)(4) refers to marijuana and the facts of this case did not involve marijuana in any way. The State immediately fixed the error once it was brought to the court's attention. Thus, under K.S.A. 2017 Supp. 22-3504(2), the State was allowed to correct the clerical error at any time, even after the trial court made a guilty finding.

Nevertheless, Loeffler further contends the State violated his due process rights because the State breached its plea agreement when it amended the complaint to reflect a different charge not agreed to under the plea agreement. Loeffler argues that the breach was not harmless because the imposition of registering as an offender was an important factor that would have affected his decision to enter a no contest plea.

"A plea agreement is a contract between the State and the accused, and the exchanged promises must be fulfilled by both parties." *State v. Peterson*, 296 Kan. 563,

567, 293 P.3d 730 (2013). The State's failure to fulfill a promise made in the plea agreement will deny a defendant his due process rights. *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013). Courts generally apply fundamental contract principles when deciding whether the enforcement of a plea agreement is fair. *Peterson*, 296 Kan. at 567.

The State did not breach the plea agreement by amending the statute citation. In the plea agreement, the State agreed that it would not file any additional charges arising out of the same transaction. The State's amendment did not charge Loeffler with an additional or different offense as Loeffler suggests, it merely swapped out the statute's citation for the correct one as permitted under K.S.A. 2017 Supp. 22-3504(2). Loeffler was charged with two counts of distribution of methamphetamine from the moment the State offered the plea deal. It has been decided that "a charging document's sufficiency is now tested by comparing the *facts* it alleges against the statutory definition of the charged crime." *State v. Rodriguez*, 305 Kan. 1139, 1145, 390 P.3d 903 (2017). If one were to look at the facts of this case and compare it with the statutory definition of distribution of methamphetamine, it would reveal that the correct sentence under this complaint is for an offender to register under KORA. Avoiding the offender registry was not part of the plea agreement, nor was it ever discussed. Thus, the State did not breach the plea agreement by imposing the correct sentence for the actual crime committed.

Moreover, even if we were to determine that the State breached the plea agreement by charging a different crime, the statute citation error resulting in a different sentence was harmless. When the State breaches a plea agreement and the defendant makes a timely objection, "such a breach will constitute harmless error only if a court can say beyond a reasonable doubt that the State's promise had little, if any, influence on the defendant's decision to enter into the plea agreement." *Urista*, 296 Kan. at 594-95.

Loeffler claims that notice of registering as an offender would have influenced his plea decision; however, the record proves otherwise. Right after Loeffler brought the

9

error to the trial court's attention, the court asked if Loeffler wanted a continuance or if he wanted to take action under the plea agreement given that he was unaware of the duty to register as an offender. Loeffler's counsel made it clear that there was no need for a continuance because she had discussed this particular issue with Loeffler at multiple stages and he was aware that this would potentially be an outcome. Loeffler did not object and his counsel told the court that he was ready to proceed with sentencing. Thus, we cannot hold that he did not know of the charges against him or that he did not have the opportunity to respond to the charges and corresponding sentences. As a result, we conclude that there was no due process violation.

Affirmed.