*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1171**

State of Minnesota,
Respondent,

vs.

Raymond Benjamin,
Appellant.

**Filed April 6, 2015**
**Affirmed**
**Peterson, Judge**

Aitkin County District Court
File No. 01-CR-13-625

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James P. Ratz, Aitkin County Attorney, Lisa Roggenkamp Rakotz, Assistant County Attorney, Aitkin, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Stephen Lemar Smith, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Connolly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from a conviction of and sentence for refusal to submit to chemical testing, appellant argues that the district court (1) abused its discretion in denying his

motion for a dispositional and/or a durational departure when it concluded that he is not amendable to probation, (2) incorrectly calculated his criminal-history score, and (3) erred in determining that the test-refusal statute is constitutional. We affirm.

**FACTS**

When a state trooper arrived at the scene of a single-vehicle crash, he saw a van rolled over in the ditch and several people tending to a man lying on the ground. The trooper smelled the odor of an alcoholic beverage coming from the man. The man told the trooper that he was in the back of the van and that there were two other occupants who ran into the woods after the crash. The trooper administered a preliminary breath test, which indicated an alcohol concentration of .224. He also searched the crash scene and found only one set of tracks leading away from the van and no indication that anyone else had been in the van.

An Aitkin County Sheriff's Deputy who responded to the scene confirmed that the man lying on the ground was appellant Raymond Benjamin. The deputy smelled alcohol on appellant's breath and noted that his speech was slurred and his eyes were bloodshot.

Appellant was taken by ambulance to a hospital emergency room, where the deputy administered the implied-consent advisory to him. Appellant stated that he understood the advisory and that he wanted to speak with his attorney. At 2:49 p.m., the deputy gave appellant a telephone and phone books. Appellant indicated that he wanted to speak to his own attorney but wanted to wait until the next morning when the attorney would be at his office. The deputy told appellant that he could not wait that long but could try to reach another attorney. Appellant indicated that he was not interested in

2

another attorney.  At 3:01 p.m., the deputy asked appellant if he would submit to a blood or urine test, and appellant refused.

Appellant has a history of alcohol-related driving offenses, including three within the last ten years, and other offenses dating back to the mid-1980s.  Appellant was charged with one count each of (1) first-degree driving while impaired (DWI) – operating a motor vehicle under the influence of alcohol; (2) first-degree DWI – refusal to submit to chemical testing; (3) driving after cancellation – inimical to public safety; and (4) driving without proof of insurance.

Appellant moved to dismiss the test-refusal charge, arguing that the test-refusal statute violates the Fourth Amendment and the unconstitutional-conditions doctrine.  The district court denied the motion.  Appellant pleaded guilty to the test-refusal charge, and the remaining charges were dismissed.  The parties did not reach an agreement on sentencing, and appellant move for a dispositional or durational departure, arguing that he was amenable to probation and should be given an opportunity to enter a long-term treatment program.  The district court denied appellant's motion and sentenced him to the guidelines sentence of 66 months in prison with a five-year conditional-release period.  This appeal followed.

**D E C I S I O N**

**I.**

We review a district court's refusal to depart from the sentencing guidelines for an abuse of discretion.  *State v. Bertsch,* 707 N.W.2d 660, 668 (Minn. 2006).  "Departures from the presumptive sentence are justified *only* when substantial and compelling

3

circumstances are present in the record." *State v. Jackson,* 749 N.W.2d 353, 360 (Minn. 2008) (emphasis in original). We do not usually interfere with a sentence falling within the presumptive guidelines "even if there are grounds that would justify departure." *Bertsch,* 707 N.W.2d at 668 (quotation omitted). This court "will affirm the imposition of a presumptive guidelines sentence when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson,* 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Sept. 17, 2013). "[I]t would be a rare case which would warrant reversal of the refusal to depart." *State v. Kindem,* 313 N.W.2d 6, 7 (Minn. 1981).

"[A] defendant's particular amenability to individualized treatment in a probationary setting will justify departure in the form of a stay of execution of a presumptively executed sentence." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). "Numerous factors, including the defendant's age, his prior record, his remorse, his cooperation, his attitude while in court, and the support of friends and/or family, are relevant to a determination whether a defendant is particularly suitable to individualized treatment in a probationary setting." *Id.* But the risk to public safety incurred in placing an offender on probation is significant when determining whether to depart dispositionally from the sentencing guidelines. *State v. Sejnoha*, 512 N.W.2d 597, 600 (Minn. App. 1994), *review denied* (Minn. Apr. 22, 1994).

Although offender-related factors are relevant to a dispositional departure, a durational departure must be supported by offense-related factors. *State v. Chaklos*, 528

4

N.W.2d 225, 228 (Minn. 1995); *State v. Peter,* 825 N.W.2d 126, 130 (Minn. App. 2012), *review denied* (Minn. Feb. 27, 2013).

The district court found:

> [Appellant] has violated probation numerous times in the past, and he was under court supervision in Crow Wing County when this offense occurred. This is [appellant's] 10th DWI in his lifetime, and he has not shown an ability to remain law abiding or not be a danger to the public. Some of the gaps between his DWI convictions are attributable to him being incarcerated. [Appellant] has also completed three inpatient treatment programs, which have not successfully led to long-term sobriety.
>
> [Appellant] very likely has a problem with alcohol that can only be addressed through rehabilitative measures. However, the Court will not make a departure from his presumptive sentence absent any proof he has been amenable to probation in the past. From the information the Court has received, Adult and Teen Challenge Minnesota is a great program. If [appellant] is so inclined to attend the program, the option will be available to him after he serves his sentence. [Appellant] will also have rehabilitative measures available to him in prison.

The record demonstrates that the district court carefully evaluated the testimony and information presented to it before denying appellant's motion for a sentencing departure. The court considered appellant's history of DWI offenses, probation violations, treatment failures, and dangerousness to public safety, which are factors related to a dispositional departure, and appellant has not identified any offense-related factors that would support a durational departure. This is not the rare case that warrants reversal of the refusal to depart.

## II.

In a pro se supplemental brief, appellant argues that the district court (1) improperly calculated his criminal-history score as five when it should have been four, and (2) erred when it denied his motion to dismiss the test-refusal charge.

*Criminal-history score*

Appellant argues that he should have been assigned one point for gross misdemeanors, one custody-status point, and two points for a previous first-degree-assault conviction. In addition to these points, the district court assigned appellant one-half point for a felony fifth-degree controlled-substance offense and one-half point for a felony fleeing-a-peace-officer-in-a-motor-vehicle offense. Appellant does not explain why the assignment of points for those two offenses was error. An appellate court "will not consider pro se claims on appeal that are unsupported by either arguments or citations to legal authority." *State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. 2008). We, therefore, will not consider appellant's claim that the district court incorrectly calculated his criminal-history score.

*Test-refusal statute*

A guilty plea by a counseled defendant generally acts as a waiver of all nonjurisdictional defects arising prior to entry of the plea. *State v. Jeffries*, 806 N.W.2d 56, 64 (Minn. 2011). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* (quotation omitted).

To preserve a dispositive pretrial ruling for appellate review, a defendant must maintain a plea of not guilty, waive the right to a jury trial, and stipulate to the prosecution's evidence.  Minn. R. Crim. P. 26.01, subd. 4.  Because appellant did not follow the procedure set forth in rule 26.01, subdivision 4, he waived the right to challenge the constitutionality of the test-refusal statute on appeal.

**Affirmed**.